| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Not for Publication |
| In re:<br><br>ENRON CORP., *et al.*, | Chapter 11<br><br>Case No. 01-16034 (AJG)<br><br>Reorganized Debtors. |
| WESTDEUTSCHE LANDESBANK<br>GIROZENTRALE,<br><br>Plaintiff,<br><br>v.<br><br>SNC-LAVALIN CONSTRUCTORS, INC., JOHN<br>GILLIS, DANIEL HAAS, STEVE DANIELS,<br>MICHAEL RANZ, DAVID LUND, QUACHITA<br>POWER LLC and TPS McADAMS, LLC,<br><br>Defendants. | Adv. Pro. No. 05-3214 A |

MODIFICATION CONCERNING
OPINION GRANTING DEFENDANTS' MOTIONS TO DISMISS ALL CLAIMS WITH
LEAVE TO REPLEAD DIRECT FRAUD CLAIMS

On June 30, 2006, this Court issued its Opinion Granting Defendants' Motions to Dismiss all Claims with Leave to Replead Direct Fraud Claims (the "Opinion") in this adversary proceeding (the "Adversary Proceeding"). The Adversary Proceeding had been commenced by a complaint, dated February 20, 2003, (the "Complaint") filed by Westdeutsche Landesbank Girozentrale ("WestLB") against SNC-Lavalin Constructors, Inc.("SNC"), Quachita Power, LLC ("Quachita"), TPS McAdams ("McAdams"), and certain officers of NEPCO (the "Individual Defendants," and collectively with the other defendants, the "Defendants").

In the Complaint, WestLB sought damages for payments it alleges were wrongful draws

made on certain letters of credit it issued pursuant to agreements WestLB had with Enron. At issue were letters of credit issued in favor of Quachita (the "Quachita Letter of Credit") and in favor of McAdams (the "McAdams Letter of Credit," and together with the Quachita Letter of Credit, the "Letters of Credit"). Specifically, WestLB alleged that McAdams, Quachita, the Individual Defendants, and NEPCO had misrepresented that the conditions for the draws on the Letters of Credit had been met. As such, WestLB sought damages for fraud directly against McAdams, Quachita, and the Individual Defendants, as well as against SNC as the putative successor-in-interest to NEPCO. In addition, WestLB sought recovery against all of the Defendants based upon a theory of unjust enrichment.

The Defendants filed motions to dismiss the Complaint, pursuant to Fed. R. Civ. P. 9(b), for failure to state fraud with particularity and, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. Among other things, the Defendants argued that WestLB has failed to state a claim for relief because the allegations in the Complaint and the agreements referenced in the Complaint established, as a matter of law, that the draws on the letters of credit were warranted. WestLB opposed the motions for dismissal. A hearing (the "Hearing") on this matter was held before this Court on March 23, 2006.

In certain counts of the Complaint, WestLB sought to subrogate to any relief to which McAdams and Quachita were entitled as against NEPCO based upon NEPCO being the "applicant" on the relevant Letters of Credit. At the Hearing, McAdams and Quachita informed the Court that WestLB was not pursuing the subrogation claims asserted against each of them. In response to that assertion, the Court indicated that "it probably would be useful, to the extent that there is agreement on certain counts, to submit an order disposing of those counts." A

2

review of the docket of this Adversary Proceeding reflects that no order was entered concerning the counts being dismissed, nor to the Court's knowledge was any order submitted to it in response to its direction. Thus, as the parties had not provided any specificity as to the reasons for not pursuing the subrogation claims, and because the parties did not submit an order indicating specifically which counts had been dismissed, the Court drew an inference as to the counts not being pursued based upon the statements made at the Hearing.

In the Opinion, the Court dismissed all of the claims asserted in the Adversary Proceeding against the Defendants but afforded WestLB an opportunity to replead certain direct-fraud claims against McAdams and Quachita, as well as the claims against SNC and the Individual Defendants that were contingent on the viability of those direct-fraud claims. The unjust enrichment claims were dismissed, as a matter of law. In addition, certain of the claims were dismissed premised upon WestLB not having pursued them. Specifically, the Court dismissed all the claims based upon WestLB's purported right to subrogation because it found that "WestLB had not pursued the claims in the Complaint based upon its alleged subrogation to the rights of NEPCO as putative applicant or its rights to reimbursement from NEPCO as putative applicant." Further, the Court directed McAdams and Quachita to settle an order consistent with the Opinion.

By notice, dated July 6, 2006, Quachita submitted a proposed order (the "Proposed Order") for the Court's consideration dismissing all the counts of the Complaint.  WestLB opposed entry of the Proposed Order to the extent that it would dismiss the first cause of action in the Complaint against SNC as successor-in-interest to NEPCO.  On July 17, 2006, WestLB submitted a counter-proposed order (the "Counter-Proposed Order") which would not dismiss the first cause of action.[1]

The Proposed Order and the Counter-Proposed Order each contained recital paragraphs indicating that the Court had issued a previous order granting both McAdams's and Quachita's motions to dismiss the counts concerning WestLB's alleged right to subrogate to the rights of NEPCO, as applicant, against McAdams's and Quachita's on their respective Letters of Credit.  As previously noted, the docket of the Adversary Proceeding does not reflect the entry of any such order.

As further previously noted, in rendering the Opinion, the Court was left to infer which counts WestLB had chosen not to pursue.  At the Hearing, the statement regarding WestLB's decision not to pursue certain claims referenced counts against McAdams and Quachita relating to subrogation.  The subrogation counts against McAdams and Quachita were based upon NEPCO being the applicant on the Letters of Credit.  However, the first count of the Complaint is also premised upon NEPCO being the applicant on the Letters of Credit.  If NEPCO were the applicant on the Letters of Credit, it purportedly would have an obligation to reimburse WestLB for any draws on the Letters of Credit.  The first count is, thus, premised upon two theories -

---

[1] In the Counter-Proposed Order, WestLB also sought to correct the pleadings to reflect its name change to WestLB A.G., which correction the Defendants did not oppose.

4

first, that SNC is liable for NEPCO's obligations, and second, that NEPCO was the applicant of the Letters of Credit.

With respect to the McAdams Letter of Credit, this Court has previously ruled in a related matter that NEPCO was not the applicant on the McAdams Letter of Credit and, in another matter, concluded that there could be only one applicant on a letter of credit. Thus, the Court surmised that WestLB decided not to pursue claims related to NEPCO being the applicant on the Letters of Credit. This deduction flowed from the Court's previous rulings.

In particular, with respect to McAdams, in *Westdeutsche Landesbank Girozentrale v. Enron Corp.(In re Enron Corp.)*, No. 02-2009, transcript of hearing, at 12-13 (Bankr. S.D.N.Y. May 1, 2002), the Court concluded that Enron, and not NEPCO, was the applicant of the McAdams Letter of Credit. In addition, in *J.P. Morgan Chase Bank v. Green Country Energy LLC (In re Enron Corp.)*, Nos. 03-8150 & 03-8151, 2006 WL 897861 at *5-6 (Bankr. S.D.N.Y. 2006), the Court concluded that, absent specific agreement delineating the parties' respective rights, there could be only one applicant on a letter of credit.

Given the determination that NEPCO was not the applicant on the McAdams Letter of Credit and, therefore, did not have any liability to WestLB on the McAdams Letter of Credit, then it follows that even if SNC has successor liability to any of NEPCO's obligations, SNC would not succeed to any liability of NEPCO to WestLB in that regard. Thus, if NEPCO is not the applicant of the relevant letter of credit, then the premise of the first count of the Complaint is faulty and the count is properly dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Therefore, the Court concluded that it logically followed that if WestLB were not pursuing the claims based upon it subrogating to the rights of NEPCO, as applicant - because

5

NEPCO was not the applicant - WestLB would also not pursue the first count of the Complaint against SNC which was premised upon NEPCO being the applicant.

WestLB argues that it did not have the intention to dismiss the first count of the Complaint. Rather, it requests that the Court rule on the merits with regard to that count. Based upon the Court's previous reasoning,[2] the Court concludes that WestLB has not stated a claim for relief in seeking to pursue relief against SNC concerning the McAdams Letter of Credit. The Court adopts its previous rulings made in the *Westdeutsche* and *Green Country* decisions, and concludes that Enron, and not NEPCO, is the applicant of the McAdams Letter of Credit. Therefore, NEPCO has no obligation to reimburse WestLB on the McAdams Letter of Credit. As a result, even if WestLB could establish successor liability on the part of SNC with respect to NEPCO's liabilities, NEPCO does not owe an obligation to WestLB on the McAdams Letter of Credit to which SNC could succeed. Thus, the premise of the first count of the Complaint, as it concerns WestLB, is faulty because it is based upon NEPCO being the applicant on the McAdams Letter of Credit. As the count is premised on NEPCO being the applicant of the McAdams Letter of Credit and as the Court has determined that Enron is the applicant of the McAdams Letter of Credit, the count fails to state a claim and is properly dismissed as to the allegations concerning the McAdams Letter of Credit.

The same reasoning applies to the Quachita Letter of Credit which lists Enron as the applicant. Thus, because the first count for relief is premised upon NEPCO being the applicant of the Quachita Letter of Credit, the count fails to state a claim and is properly dismissed as to

---

[2] The Letters of Credit and the previous rulings may be considered by the Court as they are matters of which judicial notice may be taken; *Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); and the Letters of Credit are documents of which WestLB has notice and upon which it relied in bringing its claims and are integral to those claims. *Cortec Industries v. Sun Holding, L.P.*, 949 F.2d 42, 48 (2d Cir. 1991).

the allegations concerning the Quachita Letter of Credit.[3]

Based upon the foregoing, the Court concludes that, on the merits, the first count of the Complaint seeking recovery against SNC concerning the Letters of Credit should be dismissed.

*Conclusion*

As a result of WestLB's assertion that it had not consented to the dismissal of the first count of the Complaint asserted against SNC, the Court has considered the merits of the motion to dismiss that count. Based upon the foregoing, the Court has determined that the first count of the Complaint asserted against SNC concerning the Letters of Credit is properly dismissed. In addition, the counts concerning WestLB's alleged right to subrogate to the rights of NEPCO, as applicant, against McAdams and Quachita on their respective Letters of Credit are dismissed as not having been pursued by WestLB. Further, the pleadings may be corrected to reflect WestLB's name change to WestLB A.G. Apart from the modifications that have been set forth herein, the directives of the Opinion remain in force.

---

[3] Moreover, even if NEPCO were determined to be the applicant on the Letters of Credit, an issue would remain as to whether WestLB could pursue for its own account a successor-liability action based upon a fraudulent conveyance of a debtor's assets in light of the property interests that vest in the bankruptcy estate. As set forth in the Opinion, "any claim sought against SNC, as a purchaser of a debtor's assets, for successor liability based upon a fraudulent purchase of a debtor's assets would be in direct competition with any claim that could be brought by such debtor's estate to recover the value of any such fraudulently transferred assets. Thus, there [would remain] the issue of whether such claim has vested in the debtor's estate." If the claim vests in the estate it would appear to preclude recovery by a creditor for its own account. Thus if NEPCO were the applicant, WestLB would then be required to establish whether an individual creditor's right to bring a successor-liability action remains viable once there is a bankruptcy filing.

Quachita is to settle an order consistent with the Opinion and the modification set forth herein.

Dated: New York, New York
      August 21, 2006

                                    s/Arthur J. Gonzalez
                                    UNITED STATES BANKRUPTCY JUDGE